**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA  )
                                                 )        **REDACTED**
               v.                    )
                                               )        Criminal No. 22-285
RAMKUMAR RAYAPUREDDY,    )
                                               )
           Defendant.         )

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO ADMIT PURPORTEDLY EXCULPATORY EVIDENCE**

The United States of America respectfully opposes Defendant's Motion *in limine* to admit purportedly Exculpatory Statement[1] contained in a government letter, summarizing a conversation with counsel for ███████████████████████████████████████████ ████████████████████████████████████████████████████ who was himself repeating information that █████████ had relayed to him.  The Defendant chiefly argues that this evidence should be admitted under the residual exception to the hearsay rule, Federal Rule of Evidence 807, but this exception is reserved for rare and exceptional circumstances and these statements—from an individual ████████████████████████ ███████████████████████—patently lack the necessary "exceptional guarantees of trustworthiness" as well as the required "high degrees of probativeness and necessity[,]" to qualify for admission under this exception.  *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978).  This is particularly so where the Defendant could elect to testify to this same matter with at least as much specificity as the declarant.  That the Defendant may exercise his right not to testify does not make this otherwise inadmissible, unreliable, and self-serving hearsay admissible.

---

[1] The Government does not concede by use of the "Exculpatory Statement" terminology that ███████ █████████ attorney's statements are in fact exculpatory, but uses it for convenience of the Court and parties in maintaining consistency with the descriptions used in the Defendant's moving brief.

The Exculpatory Statement is, indeed, hearsay — hearsay embedded in three levels of hearsay.  The evidence that the Defendant seeks to admit is not simply an out-of-court statement by a declarant.  Rather, the Defendant seeks to admit a statement in a discovery letter written and transmitted by the Government,[2] summarizing a statement by ███████ counsel, whose statement was itself a conclusory summary ███████████████████████ ██████████████████████████████████████ Federal Rule of Evidence 805 makes clear that to be admissible each part of a combined hearsay statement must independently conform with an exception to the hearsay rules.  Therefore, while the Defendant's arguments focus on the first and second levels of hearsay, he fails to address how the underlying source statement by ██████████ meets the exacting requirements for admission under FRE 807.  As discussed below, when properly focused on ████████, the declarant with the actual knowledge of the facts, the statement is lacking in the safeguards required by the Third Circuit and cannot be admitted under the residual exception.

The Defendant is correct that, to be admitted under FRE 807, a statement must: (1) have sufficient circumstantial guarantees of trustworthiness;[3] (2) be offered as evidence of a material

---

[2] The Defendant argues that the Government's inclusion of hearsay in a letter written to meet its discovery obligations transforms otherwise inadmissible hearsay into a party admission under FRE 801(d)(2)(A).  This is not so.  For example, placing otherwise inadmissible hearsay statements by third parties into a government report does not make the statements admissible. *U.S. v. Pazsint,* 703 F.2d 420, 424 (9th Cir. 1983).  If accepted, the Defendant's position would create a litany of unforeseen tensions between criminal discovery and the rules of evidence, creating the absurd result where every item the Government was required to describe in a discovery letter morphed into a party admission that could be admitted for the truth of the matter asserted.  As would be expected, no case the Defendant cites stands for this untenable proposition.

[3] FRE 807 was amended effective December 1, 2019 to eliminate the prior "equivalence" standard as applied to the trustworthiness element.  Committee Notes on Rules—2019 Amendment.  Instead, the Rule now applies a "sufficiency" standard.  Both parties have offered a modified version of the longstanding Third Circuit test to reflect this development in the rule.

fact; (3) be more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) serve the purposes of the federal rules and the interests of justice.  *United States v. Turner*, 718 F.3d 226, 233 (3d Cir. 2013).  The Defendant fails to note, however, the Third Circuit's admonishment that "the exception is to be used only rarely, and in exceptional circumstances and applies only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present."  *Id.* at 233 (internal quotations and citations omitted).  While the Defendant's involvement in ███████ is an important issue in this case,[4] the Defendant fails to meet each of the other elements required to have this statement introduced under the residual exception.

Facing a similar fact pattern, the Third Circuit upheld a district court's exclusion of hearsay statements offered under the residual exception.  In *United States v. Wright*, a defendant in a fraud case sought to admit under the residual exception potential exculpatory statements made by an unindicted co-conspirator to that unindicted co-conspirator's attorney shortly before the unindicted co-conspirator's death.  363 F.3d 237, 245 (3d Cir. 2004).  The defendant in *Wright* claimed "that the context in which [the unindicted co-conspirator] made these statements— confidential communications with his attorney—provided strong indicia of trustworthiness."  *Id.* Positively citing the District Court's reasoning and rejecting the defendant's argument, the Third Circuit upheld the exclusion of the unindicted co-conspirator's statements, agreeing that:

- the "statements were not under oath and there was no penalty for lying to his attorney";

- the "statements were self-serving statements made at a time when he knew he was under investigation and had a motive to not tell the truth"; and

---

[4] The Defendant conflates admissibility and discoverability under *Brady* in arguing for the admission of this evidence.  *See* Mot. at 2-3 (Dkt. 222).  *Brady* is a disclosure rule, not an admissibility rule.  And statements that are not admissible are generally not *Brady* material in the first place.  *See Pickard v. United States*, 170 F. App'x 243, 245 n. 3 (3d Cir. 2006) (finding no *Brady* violation as the evidence was inadmissible hearsay).

- "[h]uman nature is to deny committing crimes, especially for a public figure who is held in high esteem by the community and knows he is under investigation."

*Id.* at 245-46.  Applying each of these *Wright* factors to the circumstances surrounding ██████

██████████ statements to his attorney here (as then relayed to the Government) shows why

the statement should be excluded: (1) ████████████ would face no penalty for lying to his

attorney; (2) his statements were self-serving and made explicitly for the purpose of responding

to Government inquiries ████████████████████████████████

████████████ and (3) he had a motive to deny a role ████████████████████

████████████████████████████████████████ As in *Wright*, ████

██████████ statements—even those made to his attorney—are too inherently untrustworthy

to overcome the strict circumstances in which the residual exception can properly be invoked.[5]

Moreover, the Third Circuit has adopted a series of factors to assess whether sufficient

guarantees of trustworthiness exist.

[T]he Court must balance several factors: (1) the declarant was known and named; (2) the statement was made under oath; (3) the declarant knew his assertions were subject to cross-examination; (4) the statement was based on personal knowledge; (5) the declarant had motivation to lie; (6) the statement was corroborated; and (7) the declarant was qualified to make the assertion.

*United States v. Wilson,* 281 Fed. App'x. 96, 99 (3d Cir. 2008).  While the three declarant-focused

factors weigh in favor of trustworthiness—████████████ is known, has personal knowledge, and

was qualified—the remaining four factors, which focus critically on the context and corroboration

of the statement, weigh strongly against finding his statement trustworthy.  His statement was not

made under oath ████████████████████████████████████

████████████████████████████████ he has never been subjected to cross

---

[5] ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

examination: ███████████████████████████████████████████

███████ and the statement lacks corroboration.  For these reasons, ██████████ statement

lack the "exceptional guarantees of trustworthiness" required for admission under FRE 807.

*Wright*, 363 F.3d at 245.

Furthermore, the statement is not "more probative on the point for which it is offered than

other evidence which the [Defendant] can procure through reasonable efforts" as necessary for

admission under FRE 807.  Most significantly, as noted above, the Defendant himself is available

to testify on this point and could offer at least as much specificity as ██████████.  *United

States v. Manfredi,* No. CRIM. 07-352, 2009 WL 3823230, at *4 (W.D. Pa. Nov. 13, 2009)

(rejecting defendants' attempt to admit hearsay under residual exception noting that they were

available to testify as to the issue).  Additionally, the interests of justice would not be served by

admitting this statement (buried within two other hearsay statements) at trial because, among other

reasons, it would deprive the jury of the opportunity to hear cross-examination and evaluate the

credibility of the witness.  *Id.*  (finding these objectives would be frustrated by the admission of

self-serving hearsay); *see also United States v. Nucera*, 67 F.4th 146, 171 (3d Cir. 2023) (finding

a district court properly excluded hearsay attempted to be offered under the residual exception

and stating that the court also could have excluded it under FRE 403 "because the lack of

opportunity for cross-examination risked unfair prejudice that outweighed its probative value").[6]

For the foregoing reasons, the Court should deny the Defendant's motion to admit the

Exculpatory Statement in its entirety as inadmissible hearsay ineligible for the residual exception.

---

[6] The Defendant's remaining cited authority is similarly unavailing.  For the proposition that other courts have admitted counsel's statements under the residual exception, the Defendant relies exclusively on civil cases involving hearsay in written documents concerning commercial transactions or contract disputes that are inapt comparisons here.  *See* Mot. at 4 (Dkt. 222).

Respectfully submitted,

GLENN S. LEON
Chief
Fraud Section, Criminal Division
U.S. Department of Justice

Dated: January 12, 2024                    By:  _____*/s Matt Reilly*_____

MATTHEW REILLY
LAURA CONNELLY
VASANTH SRIDHARAN
Trial Attorneys
Fraud Section, Criminal Division
UNITED STATES DEPARTMENT OF JUSTICE
1400 New York Avenue, NW
Washington, DC 20005
matthew.reilly2@usdoj.gov
(202) 320-8523

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 12, 2024, a true and correct copy of the foregoing was served on all parties through the CM/ECF system.

January 12, 2024                                                  By:    _____ */s Matt Reilly*_

MATTHEW REILLY
Trial Attorney
Fraud Section, Criminal Division
UNITED STATES DEPARTMENT OF JUSTICE
1400 New York Avenue, NW
Washington, DC 20005
matthew.reilly2@usdoj.gov
(202) 320-8523